In the

# United States Court of Appeals

### For the Seventh Circuit

No. 12-3652

GUY HOBBS,

*Plaintiff-Appellant,*

*v.*

ELTON JOHN, also known as
Sir Elton Hercules John, et al.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 12-CV-03117—**Amy J. St. Eve**, *Judge.*

ARGUED MAY 31, 2013—DECIDED JULY 17, 2013

Before FLAUM, MANION, and ROVNER, *Circuit Judges.*

MANION, *Circuit Judge.*   While working on a Russian cruise ship, Guy Hobbs composed a song entitled "Natasha" that was inspired by a brief love affair he had with a Russian waitress. Hobbs tried to publish his song, but was unsuccessful. A few years later, Elton John and Bernie Taupin released a song entitled "Nikita" through a publishing company to which Hobbs had sent

a copy of "Natasha." Believing that "Nikita" was based upon "Natasha," Hobbs eventually demanded compensation from John and Taupin, and ultimately filed suit asserting a copyright infringement claim and two related state law claims. The defendants moved to dismiss Hobbs's complaint for failure to state a claim, and the district court granted the defendants' motion. Hobbs appeals. We affirm.

## I. Facts

In 1982, Guy Hobbs began working as a photographer on a Russian cruise ship where he met and romanced a Russian waitress. His experience inspired him to write a song entitled "Natasha" about an ill-fated romance between a man from the United Kingdom and a woman from Ukraine. In 1983, Hobbs registered his copyright of "Natasha" in the United Kingdom, and subsequently sent the song to several music publishers. One of those publishers was Big Pig Music, Ltd. ("Big Pig"), a company that published songs composed by Elton John and Bernard Taupin. Ultimately, Hobbs's efforts to find a publisher for his song proved unsuccessful.

However, in 1985, John released a song entitled "Nikita," wherein the singer (who is from "the west") describes heartfelt love for Nikita, whom the singer "saw . . . by the wall" and who is on the other side of a "line" held in by "guns and gates." Big Pig registered the copyright for "Nikita," and the copyright application lists both John and Taupin. "Nikita" proved to be extremely successful.

Hobbs alleges that he first encountered the written lyrics of "Nikita" in 2001. Believing that "Nikita" infringed his copyright of "Natasha," Hobbs sought compensation from John and Taupin, but his requests were apparently rebuffed. Consequently, in 2012, Hobbs sued John, Taupin, and Big Pig in the Northern District of Illinois for copyright infringement in violation of the Copyright Act of 1976.[1] Hobbs also asserted two related state law claims. The defendants moved to dismiss Hobbs's entire complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.[2]

In opposing the defendants' motion, Hobbs identified a number of allegedly similar elements between the two songs. He argued that his selection and combination of those elements in "Natasha" constituted a unique expression entitled to copyright protection, and that the

---

[1] Although Hobbs brought his action twenty-seven years after "Nikita" was authored and eleven years after Hobbs allegedly first encountered "Nikita," the defendants did not raise the three-year statute of limitations, *see* 17 U.S.C. § 507(b), as a defense in their motion to dismiss.

[2] Although Hobbs did not attach the lyrics of either "Natasha" or "Nikita" to his complaint, the two songs are the central focus of the complaint. *See Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994) ("[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim."). Furthermore, Hobbs does not challenge the district court's reliance on the lyrics of the two songs in ruling on the defendants' motion to dismiss.

defendants' similar use of those elements in "Nikita" supported a claim for copyright infringement. The district court concluded that the elements identified by Hobbs are not entitled to copyright protection when considered alone. The district court also rejected Hobbs's "unique combination" theory because it thought that *Peters v. West*, 692 F.3d 629, 632 (7th Cir. 2012), precluded a copyright infringement claim based upon a combination of similar elements that are unprotectable individually. Despite rejecting Hobbs's "unique combination" theory, the district court nevertheless went on to consider that argument, and concluded that the similar elements considered in combination still could not support a claim for copyright infringement. The district court also concluded that the Copyright Act preempted Hobbs's state law claims. Consequently, the district court granted the defendants' motion and dismissed Hobbs's entire action with prejudice. Hobbs appeals.

## II.  Lyrics

The lyrics to "Natasha" are:

> You held my hand a bit too tight
> I held back the tears
> I wanted just to hold you, whisper in your ear
> I love you, girl I need you
> Natasha . . . Natasha . . . I didn't want to go
> Natasha . . . Natasha . . . the freedom you'll never know
> The freedom you'll never know
>
> But a Ukraine girl and a UK guy just never stood a chance

Never made it to the movies, never took you to a dance
You never sent me a Valentine, I never gave you flowers
There was so much I had to say
But time was never ours
You sailed away—no big goodbyes
Misty tears in those pale blue eyes


I wanted just to hold you, whisper in your ear
I love you, girl I need you
Run my fingers through your hair
Natasha . . . Natasha . . . I didn't want to go
Natasha . . . Natasha . . . the freedom you'll never know
The freedom you'll never know


You held my hand a bit too tight
I held back the tears
I wanted just to hold you, whisper in your ear
I love you, girl I need you
Natasha . . . Natasha . . . I didn't want to go
Natasha . . . Natasha . . . the freedom you'll never know
The freedom you'll never know
(Spoken quietly) But Natasha . . . Remember me

The lyrics to "Nikita" are:

Hey Nikita is it cold
In your little corner of the world
You could roll around the globe
And never find a warmer soul to know

Oh I saw you by the wall
Ten of your tin soldiers in a row
With eyes that looked like ice on fire
The human heart a captive in the snow


Oh Nikita you will never know, anything about my home
I'll never know how good it feels to hold you
Nikita I need you so
Oh Nikita is the other side of any given line in time
Counting ten tin soldiers in a row
Oh no, Nikita you'll never know


Do you ever dream of me
Do you ever see the letters that I write
When you look up through the wire
Nikita do you count the stars at night


And if there comes a time
Guns and gates no longer hold you in
And if you're free to make a choice
Just look towards the west and find a friend


Oh Nikita you will never know, anything about my home
I'll never know how good it feels to hold you
Oh no, Nikita you'll never know
Oh Nikita you will never know, anything about my home

I'll never know how good it feels to hold you
Nikita I need you so
Oh Nikita is the other side of any given line in time
Counting ten tin soldiers in a row
Oh no, Nikita you'll never know
Counting ten tin soldiers in a row.

### III. Discussion

On appeal, Hobbs relies solely upon his "unique combination" theory.[3] Hobbs contends that the unique selection, arrangement, and combination of individually unprotectable elements in a song can be entitled to copyright protection. Hobbs argues that *Peters* does not preclude such a theory, or alternatively, that we should overrule *Peters*. Finally, Hobbs contends that the similar elements found in "Natasha" and "Nikita," when considered in combination, support a claim for copyright infringement.

Ultimately, as explained below, we hold that Hobbs failed to state a claim for copyright infringement because, even when the allegedly similar elements between the songs are considered in combination, the songs are not substantially similar. Therefore, we need not decide if Hobbs is correct when he argues that a

---

[3] Thus, we do not consider whether the allegedly similar elements identified by Hobbs are entitled to copyright protection when considered alone. Nor do we review the district court's ruling that Hobbs's state law claims are preempted by the Copyright Act.

unique selection, arrangement, and combination of individually unprotectable elements in a song can support a copyright infringement claim. Similarly, we need not decide whether the district court correctly interpreted *Peters* as prohibiting such a theory.[4]

---

[4] In rejecting Hobbs's "unique combination" theory, the district court relied upon our statement in *Peters* that "[i]f the copied parts are not, on their own, protectable expression, then there can be no claim for infringement of the reproduction right." 692 F.3d at 632. Although we need not address whether the district court correctly interpreted *Peters* on this issue, we observe that there is a wealth of authority recognizing that, in certain situations, a unique arrangement of individually unprotectable elements can form an original expression entitled to copyright protection. *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 362 (1991) ("The question that remains is whether [the plaintiff] selected, coordinated, or arranged these uncopyrightable facts in an original way."); *JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 917 (7th Cir. 2007) ("[T]he very combination of these [unprotectable] elements as well as the expression that is [the work itself] are creative."); *Bucklew v. Hawkins, Ash, Baptie & Co.*, 329 F.3d 923, 929 (7th Cir. 2003) ("[I]t is the combination of [unprotectable] elements, or particular novel twists given to them, that supply the minimal originality required for copyright protection."); *Roulo v. Russ Berrie & Co.*, 886 F.2d 931, 939 (7th Cir. 1989) ("While it is true that these elements are not individually capable of protection, just as individual words do not deserve copyright protection, it is the unique combination of these common elements which form the copyrighted material."); *see also Stava v. Lowry*, 323 F.3d 805, 811

(continued...)

We review a dismissal under Rule 12(b)(6) *de novo*. *Peters*, 692 F.3d at 632. In conducting our review, we construe the allegations in the complaint in the light most favorable to Hobbs in order to determine whether he has stated a plausible claim for copyright infringement. *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To establish his copyright infringement claim, Hobbs must prove "(1) ownership of a valid copyright; and (2) unauthorized copying of constituent elements of the work that are original." *Peters*, 692 F.3d at 632. Because defendants rarely admit to copying the works of others, Hobbs may establish the second element of his infringement claim by showing that the defendants had the opportunity to copy "Natasha" and that the two works are "substantially similar," thereby supporting an inference that the defendants actually did copy his song. *Id.* at 633. For the purposes of their motion to dismiss, the defendants concede that Hobbs owns a valid copyright for "Natasha," and that they had the

---

[4] (...continued)
(9th Cir. 2003) ("It is true, of course, that a *combination* of unprotectable elements may qualify for copyright protection.") (emphasis in original); *Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996, 1003-04 (2d Cir. 1995) ("As the Supreme Court's decision in [*Feist*] makes clear, a work may be copyrightable even though it is entirely a compilation of unprotectible elements."). Indeed, in *Peters*, our conclusion that the similarities between the two songs were not individually protectable did not keep us from considering whether the plaintiff could establish a copyright infringement claim based on "all of these [unprotectable] elements in combination." 692 F.3d at 636.

opportunity to copy it. Thus, the defendants can only pre-vail on their motion to dismiss if "Natasha" and "Nikita" are not "substantially similar" as a matter of law. That is, if as a matter of law "Natasha" and "Nikita" do not "share enough unique features to give rise to a breach of the duty not to copy another's work." *Id.* at 633-34.

Hobbs contends that the two songs are "substantially similar" because "Nikita" appropriates "Natasha"'s unique selection, arrangement, and combination of certain ele-ments. In support of this argument, Hobbs identifies the following allegedly similar elements that are found in both songs:

(1) A theme of impossible love between a Western man and a Communist woman during the Cold War;

(2) References to events that never happened;

(3) Descriptions of the beloved's light eyes;

(4) References to written correspondence to the be-loved;

(5) Repetition of the beloved's name, the word "never," the phrase "to hold you," the phrase "I need you," and some form of the phrase "you will never know;" and

(6) A title which is a one-word, phonetically-similar title consisting of a three-syllable female[5] Russian

---

[5] Nikita is actually a masculine name in Slavic countries, but it is often used as a feminine name elsewhere. *See*

(continued…)

name, both beginning with the letter "N" and
ending with the letter "A."

Hobbs's argument flounders on two well-established
principles of copyright law. First, the Copyright Act
does not protect general ideas, but only the particular
expression of an idea. *Atari, Inc. v. N. Am. Philips
Consumer Elecs. Corp.*, 672 F.2d 607, 615 (7th Cir. 1982) ("It
is an axiom of copyright law that the protection granted
to a copyrightable work extends only to the particular
expression of an idea and never to the idea itself."
(internal quotation marks omitted)), *superseded by statute
on other grounds as recognized in Scandia Down Corp. v.
Euroquilt, Inc.*, 772 F.2d 1423, 1429 (7th Cir. 1985); *see also
JCW*, 482 F.3d at 917 ("It is, of course, a fundamental
tenet of copyright law that the idea is not protected, but
the original expression of the idea is." (citing *Feist*, 499
U.S. at 348-49)). Second, even at the level of particular
expression, the Copyright Act does not protect "incidents,
characters or settings which are as a practical matter
indispensable, or at least standard, in the treatment of a
given topic." *Incredible Techs., Inc. v. Virtual Techs., Inc.*, 400
F.3d 1007, 1012 (7th Cir. 2005) (internal quotation
marks omitted); *see also Bucklew*, 329 F.3d at 929 ("[A]
copyright owner can't prove infringement by pointing
to features of his work that are found in the defendant's
work as well but that are so rudimentary, commonplace,

---

[5] (...continued)
http://en.wikipedia.org/wiki/Nikita_(given_name) (last visited
July 9, 2013).

standard, or unavoidable that they do not serve to distinguish one work within a class of works from another."). Here, a careful review of both songs' lyrics reveals that Hobbs's first four allegedly similar elements are *expressed* differently in "Natasha" and "Nikita." And the remaining similar elements are rudimentary, commonplace, standard, or unavoidable in popular love songs.

Specifically, Hobbs's first allegedly similar element is that each song tells the tale of an impossible romance between "a Western man and a Communist woman" separated by the Cold War (a widespread concern at the time the songs were authored). Although both songs contain the idea of an impossible love affair due to a conflict, each song *expresses* this general idea differently. That is, "Natasha" and "Nikita" tell *different* stories about impossible romances during the Cold War. "Natasha" tells the story of two people who briefly become intimate, but who are forced to part ways because one is not free (presumably because of the Iron Curtain) and must sail away. But for a short time, at least, he could hold her hand, whisper in her ear, run his fingers through her hair, and cry with her when forced to separate. "Nikita" tells the tale of a man who sees and desires a woman whom he can never meet because she is on the other side of a "line" held in by "guns and gates" (perhaps the Berlin Wall). He could only imagine and wish for a chance to hold her, to tell her about his home, and if the border guards were to leave and set her free then to find and meet her, but he thinks that will never happen.

Hobbs's second, third, and fourth allegedly similar
elements fare no better. While it is true that "Natasha"
and "Nikita" both contain references to unfulfilled
desires or events that never occur, what matters is that
the particular ways that each song expresses these
concepts are *dissimilar*. "Natasha" refers to "the freedom
[the woman will] never know," a relationship that "never
stood a chance," and never going to the movies or a
dance. In contrast, "Nikita" says that the woman could
"never find a warmer soul to know" and "will never
know anything about [the man's] home," and that the
man will "never know how good it feels to hold [the
woman]." Similarly, while both songs refer to the
beloved's light eyes and to written correspondence be-
tween the lovers, they do so in entirely different ways.
"Natasha" refers to "pale blue eyes," whereas "Nikita"
talks about "eyes that looked like ice on fire." Again,
"Natasha" contains the complaint that, "You never sent
me a Valentine," while "Nikita" contains the wholly
dissimilar query, "Do you ever see the letters that I
write[?]" In short, Hobbs cannot rely upon a combina-
tion of *dissimilar* expressions to establish that "Nikita"
infringes upon "Natasha"'s "unique selection, arrange-
ment, and combination of" of those expressions.

However, Hobbs's fifth and sixth similar elements are
*expressed* in similar ways (more or less) within both songs.[6]

---

[6] Although both songs repeatedly use a form the phrase "will
never know," the context is somewhat different. "Natasha"

(continued...)

Both "Natasha" and "Nikita" make liberal use of repetition—including repeatedly using the word "never," the phrases "to hold you" and "you'll never know," as well as the beloved's name. Additionally, each song's title is a Russian name beginning with the letter "N" and ending with the letter "A." While these similar elements are present at the level of expression, they are also rudimentary, commonplace, standard, or unavoidable in popular love songs.[7] Repetition is ubiquitous in popular music. *See Selle v. Gibb*, 741 F.2d 896, 905 (7th Cir. 1984) (observing that "popular music" is a field "in which all songs are relatively short and tend to build on or repeat a basic theme"). And, as the district court observed, the United States Copyright Office's Registered Works Database reveals that numerous works share the titles "Natasha" and "Nikita." *See* http://cocatalog.loc.gov/ (last visited July 9, 2013). Thus, that "Natasha" and "Nikita"

---

[6]  (...continued)

refers to the "freedom you'll never know," whereas in "Nikita" the singer laments that he "will never know" how it feels to touch the object of his affection, and that she "will never know anything about [his] home."

[7]  Indeed, even Hobbs's first four allegedly similar elements reflect concepts that are standard fare in love songs. Love songs are replete with references to impossible love, unfulfilled desires, events that never occur, light eyes, and written correspondence between lovers. *See* Selena Gomez & the Scene, *Love You Like A Love Song* (Hollywood Records 2011) ("It's been said and done / Every beautiful thought's been already sung . . . .").

share a few similar expressions that are commonplace in love songs could not support a finding that the songs are "substantially similar." *Cf. Johnson v. Gordon*, 409 F.3d 12, 22 (1st Cir. 2005).

We agree with the district court that "Natasha" and "Nikita" simply "tell different stories," *Hobbs v. John*, No. 12C3117, 2012 WL 5342321, at *7 (N.D. Ill. Oct. 29, 2012), and "are separated by much more than 'small cosmetic differences,'" *Peters*, 692 F.3d at 636 (quoting *JCW*, 482 F.3d at 916). "Natasha" tells the story of an actual, though brief, romantic encounter between a man from the United Kingdom and a woman from Ukraine. Their tangible relationship is severed because the woman must sail away. In contrast, "Nikita" tells the tale of man who sees and loves a woman from afar. But that love can never find physical expression because the two are separated by "guns and gates."

We conclude that as a matter of law "Natasha" and "Nikita" are not "substantially similar" because they do not "share enough unique features to give rise to a breach of the duty not to copy another's work." *Peters*, 692 F.3d at 633-34.

## IV. Conclusion

Because "Natasha" and "Nikita" are not "substantially similar" as a matter of law, Hobbs's copyright infringement claim fails as a matter of law. Therefore, we AFFIRM the judgment of the district court.